NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELIJAH and JASMINE LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE AUTO FINANCE,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 22-04817-KMW-EAP<br><br>**OPINION** |

APPEARANCES:

ELIJAH LEWIS
JASIMINE LEWIS
3958C FORMAN STREET
TRENTON, NJ 08641

    *Plaintiffs appearing pro se*

PHILIP A. GOLDSTEIN, ESQ.
MCGUIRE WOODS LLP
1251 AVENUE OF THE AMERICAS, 20TH FLOOR
NEW YORK, NY 10020

    *Counsel for Defendant Capital One Auto Finance*

**WILLIAMS, District Judge:**

    **I.    INTRODUCTION**

    This matter comes before this Court on Defendant Capital One Auto Finance's Motion for Judgment on the Pleadings, (ECF No. 8). Specifically, Defendant seeks dismissal of all claims brought by these Pro Se Plaintiffs because Plaintiff Elijah Lewis does not have standing to sue Defendant and Plaintiff Jasmine Lewis was in breach of the contractual agreement between her and the Defendant. For the reasons that follow, the Court will **GRANT IN PART**

**AND DENY IN PART** Defendant's Motion on the Pleadings, (ECF No. 8).

## II.   BACKGROUND

On December 14, 2018, Plaintiff Jasmine Melton[1] signed a retail installment sale contract ("RISC") for a 2015 Maserati with Park Place Luxury Motors in Elizabeth, New Jersey.  (ECF No. 8, Ex. 1 at Ex. A).  The RISC was assigned to Capital One.  (*Id*. at 8).  The RISC has a section titled "Other Important Agreements," that outlines "Other Promises to Us" and "If You Pay Late or Break Your Other Promises."  (*Id.* at Ex. A §§2-3).  In this section, the RISC provides that "[i]f the vehicle is damaged, destroyed, or missing[] [y]ou agree to pay us all you owe under this contract" and when using the vehicle "[y]ou agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease or transfer any interest . . . You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer."  (*Id*. at §§ 2.a-2.b).  Further, the RISC explains that "[i]f you break your promises (default), we may demand that you pay all you owe on this contract at once.  Default means: . . . You break any agreements in this contract."  (*Id*. at § 3.b).  The RISC also notes that "[i]f you default, we may take (repossess) the vehicle from you[.]"  If the car is repossessed a payee "may pay to get it back (redeem).  We will tell you how much to pay to redeem.  Your right to redeem ends when we sell the vehicle."  (*Id*. at §§3.d, 3.e).  The RISC warns that "[w]e will sell the vehicle if you do not get it back.  If you do not redeem, we will sell the vehicle.  We will send you a written notice of sale before selling the vehicle." (*Id*. at §3.f).

In April of 2019, Plaintiff Elijah Lewis was purportedly involved in an accident which resulted in the vehicle being totaled and towed. (ECF No. 1 at Attachment 1, Ex. A).  Defendant

---

[1] Defendant asserts that Jasmine Melton is Plaintiff Jasmine Lewis' maiden name.  Plaintiff does not contest this assertion.

and Plaintiff disagree as to whether the totaled vehicle was impounded by Camden County Police.[2] At some point, Defendant contacted Plaintiffs and asked what Plaintiffs intended to do with the vehicle. (*Id.*). Plaintiffs informed Defendant that "the vehicle would remain in place since we had no where to store a totalled vehicle." (*Id.*). Plaintiffs assert they were sent a "voluntary repo" form which they did not fill out. (*Id.*). Plaintiffs further assert that a few days after receiving the form, they were made aware that the vehicle had been repossessed. (*Id.*). Plaintiffs assert that payments on the vehicle were current at the time of repossession. (*Id.*).

On March 1, 2022, Plaintiffs filed a Complaint in the Superior Court of New Jersey. (ECF No. 1 at 1). Defendant's Motion To dismiss the Complaint was denied. (ECF No. 8 at 3 n.3). Thereafter, on July 29, 2022, Defendant removed the case to this Court based on Plaintiff's settlement demand. On August 17, 2022, Defendant filed a motion for Judgment on the Pleadings. (ECF No. 8). On September 5, 2022, Plaintiffs submitted their reply. (ECF No. 13). On September 12, 2022, Defendant responded. (ECF No. 14). Thus, Defendant's Motion for Judgment on the Pleadings is ripe for adjudication.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. F. R. Civ. P. 12(c); *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). Under Rule 12(c), the movant must clearly establish that "no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)

---

[2] Plaintiff avers that the police "[n]ever seized the vehicle or impounded the vehicle." (ECF No. 13 at 3). Defendant's reply brief submits a notice from the Camden County Police dated March 9, 2019 of a 2012 Maserati with VIN ZAM57RTA7F1153466 was towed, impounded, and was in the custody of the department. (ECF No. 14 at Attachment 2). The Court notes that the date of the notice from the Camden County Police is *before* the date of the alleged accident according to the Complaint, and that the date of the model does not match the RISC. However, the VIN numbers do match, and both Plaintiff and Defendant agree that the vehicle in question was towed to a lot and was ultimately repossessed by Defendant.

(citation and internal quotation marks omitted).  The Court must accept the nonmoving party's well-pleaded factual allegations as true and construe those allegations in the light most favorable to the nonmoving party, however the Court will disregard any unsupported or conclusory statements.  *See DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262-63 (3d Cir. 2008).

In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Federal Rule of Civil Procedure 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings.  *Turbe*, 938 F.2d at 428.  Therefore, in analyzing the motion for judgment on the pleadings, the Court will proceed in its analysis in the same fashion as it would for a motion to dismiss based on Rule 12(b)(6).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id*. (quoting *Twombly*, 555 U.S. at 557).

A district court may consider allegations in the complaint; matters of public record, orders, and exhibits attached to the complaint. *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 551 (D.N.J. 2013) (citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990)). Thus, generally, a district court cannot consider matters that are extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, one exception is that courts may consider documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss to one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426). In this regard, it is critical to consider "whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

**IV.    DISCUSSION**

Defendant first argues that Plaintiff Elijah Lewis does not have standing to bring claims against Defendant because he is not a signatory to the RISC. To this end, Defendant asserts that the only person who signed the RISC was Plaintiff Jasmine Lewis, she is listed as the only borrower, and therefore she is the only party that has contractual standing to assert claims in connection with the contract. (ECF No. 8 at 5-6) (citing *Broadway Maint. Corp. v. Rutgers State*

5

*Univ.*, 447 A.3d 906, 909 (N.J. 1982).  Defendant further asserts that even if Plaintiff Elijah Lewis had been paying for the vehicle, without a legal obligation to do so, such payments would not confer standing.  (*Id*. at 6) (citing *Chee Li v. BMW of N. Am., LLC*, No. A-0453-15T3, 2017 N.J. Super. Unpub. LEXIS 1477 at *6, 10 (App. Div. June 19, 2017).

Defendant's second point is that the RISC was indeed breached, by Plaintiff Jasmine Lewis.  (*Id*.).  Defendant argues that Plaintiff Jasmine Lewis breached the "other agreements" clause set out by the RISC, pointing to the fact that the vehicle was impounded which "expose[d] the vehicle to misuse, seizure, confiscation, or involuntary transfer."  (ECF No. 8, Ex. 1 at Ex. A § 2.b.).  Defendant further asserts that the RISC clearly states that "[d]efault means: . . . You break any agreements in this contract" and that "[i]f you default, we may take (repossess) the vehicle from you[.]"  (*Id*. at § 3.d).  Defendant points to Plaintiffs' Complaint which states that the car was totaled, towed to another location, and that Plaintiff told Defendant it would "remain in place" due to their inability to store a totaled vehicle.  (ECF No. 1 at Ex. A).  Further, because Plaintiffs did not redeem the vehicle, Defendant argues that it was authorized to sell the vehicle and demand payment for any remaining deficiency left on the contract.  (ECF No. 8 at 7).

In Plaintiffs' reply, they disagree with Defendant's narrative of events, stating that when they told Defendant that the car was totaled, the agent did not notify them that they were in default or that the vehicle would be repossessed.  (ECF No. 13 at 1).  Plaintiffs assert that Defendant's service agent only indicated "that they wanted to make sure that the monthly payment would be made," which Plaintiffs assert that they made multiple payments timely, even after the accident totaled the vehicle.  (*Id*. at 1-3).  Plaintiffs further aver that Defendant did not give them notice that the vehicle was repossessed, that Plaintiffs only discovered this fact after they checked their account to see if their payment had posted, after they had "numerous agents tell us that all we had

6

to do to avoid a repossession is to continue paying our car payment on time, which we did." (*Id*. at 3).

To address Defendant's arguments, Plaintiffs first assert that getting into a car accident is not a breach of the contract, and if it is, the practice is unconscionable. (*Id*.). Second, Plaintiffs assert that the vehicle was never impounded by police, that the remains of the vehicle were taken to a salvage yard, and therefore they did not breach the contract. (*Id*. at 2-3). Plaintiffs also assert that Plaintiff Elijah Lewis was "an authorized person on the account," that he also made car payments along with Plaintiff Jasmine Lewis, and that he suffered individual injury from the repossession such as the loss of his job. (*Id*. at 1, 3). Plaintiffs argue that because he suffered individualized injury that it would be unconstitutional to find that he does not have standing to sue, and Plaintiff Jasmine Lewis would be hampered in bringing her case because Plaintiff Elijah Lewis primarily spoke to Defendant's agents regarding the vehicle. (*Id.* at 4).

In Defendant's response, it is asserted that Plaintiffs failed to meet their burden to establish that Plaintiff Elijah Lewis has standing to sue Defendant in connection with the vehicle, loan, or RISC. (ECF No. 14 at 2) (citing *Coastal Group, Inc. v. Westholme Partners*, No. 94-3010, 1998 U.S. Dist. LEXIS 23740 at *36-37 (D.N.J. Dec. 16, 1998); *Broadway Maint. Corp. v. Rutgers State Univ.*, 447 A.2d 906, 909 (N.J. 1982). Defendant reiterates that making payments on the vehicle does not confer standing to sue. (*Id.*) (citing *Chee Li v. BMW of N. Am., LLC*, 2017 N.J. Super. Unpub. LEXIS 1477 at *6, 10.

Further, Defendant notes that the "default" incident was not the accident, that Defendant was authorized by the RISC to repossess the vehicle because it had been "towed and impounded." (*Id*. at 3-4). In support of this contention, Defendant supplied a letter from Camden County Police

7

dated March 3, 2019, stating that they had custody of the vehicle. (*Id*. at 4; Ex. 1).[3]  Defendant argues that the impoundment of the vehicle is, by definition of the contract, a default, which entitled Defendant to repossess the vehicle. (*Id.* at 4, citing Ex. 1 §§2.b, 3.b, 3.d, 3.f).  Defendant quotes from the RISC on this point: "'misuse, **seizure, confiscation, or involuntary transfer**,' all constitute events of default[.]".  (*Id*. at 5) (emphasis in original).

Defendant argues that it is of no matter that Plaintiffs continued to make payments after the event of default because the RISC required Plaintiff Jasmine Lewis to continue to pay the loan after default.  (*Id.* at Ex. 1 § 2.a).

### A. Elijah Lewis' Standing

Defendant argues that Plaintiff Elijah Lewis does not have standing because there is no privity of contract between him and Defendant.  The Court agrees.

A plaintiff has the burden of establishing Article III standing because standing is a Constitutional requirement for access to the Court.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1997); *Kaplan v. Saint Peter's Healthcare Sys.*, No. 13-2941, 2019 WL 1923606 at *4 (D.N.J. Apr. 30, 2019) ("Because Article III standing is a Constitutional prerequisite for the maintenance of this suit, the Court [must] address[] this issue first.").  Standing is an issue properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1) because standing is a matter of jurisdiction.  *See Mu Sigma, Inc. v. Affine, Inc.*, No. 12-1323, 2018 WL 5630763 at *4 (D.N.J. Oct. 31, 2018) (citing *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must accept as true all material allegations as set forth in the Complaint, and all inferences must be made in favor of the nonmovant.  *Const.*

---

[3] Defendant argues that the Court should consider the letter because "the impoundment of the Vehicle by the Camden County Police Department is central to Plaintiffs' claims as they implicitly concede that police impoundment would justify repossession." (ECF No. 14 at 4) (citing *NXIVM Corp. v. Sutton*, 2007 U.S. Dist. LEXIS 46471 at *15-17 (D.N.J. June 27, 2007).

*Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).[4] A plaintiff must have suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant, and that is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Here, Plaintiffs and Defendant argue that the contract was breached: Plaintiffs believe the contract was breached by Defendant repossessing the vehicle even though payments on the vehicle were current, and Defendant believes the contract was breached when a default event—the impoundment—occurred.

To show that a breach of a contract occurred, it must be alleged (1) that there was a valid contract between the parties; (2) the non-breaching party fulfilled their own contractual obligations; (3) a breach of that contract occurred; and (4) the non-breaching party sustained damages because of the breach. *MZL Capital Holdings, Inc. v. TD Bank, N.A.*, 734 Fed. App'x

---

[4] "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. 137, 1 Cranch (5 U.S.) 137, 173-180 (1803)). When considering a Rule 12(b)(1) motion challenging subject matter jurisdiction, "[a] district court has to first determine . . . whether [the] motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). As the Third Circuit explained in *Constitution Part of Pennsylvania v. Aichele*:
>A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present. Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint.

*Id*. at 358 (citing *Mortensen*, 549 F.2d at 891). On the other hand, a factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id*. "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id*. (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). Therefore, "a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Id*. (citation omitted). This analysis is substantially different from the standard of review applicable to a factual attack, wherein the court "may weigh and 'consider evidence outside the pleadings.'" *Id*. (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000), holding modified by *Simon v. United States*, 341 F.3d 193 (3d Cir. 2003)).

101, 105 (3d Cir. 2018). Thus, only those bound by the contract have the power to bring claims relating to the contract. *See Brant Screen Craft, Inc. v. Watermarc Graphics, Inc.*, (D.N.J. Sept. 12, 2011) ("[New Jersey law does not] permit a suit upon a contract to be maintained by persons with whom the defendant never meant to enter into contractual relations."). Under New Jersey law, the exception to this general rule is if the parties to the contract intended for a third-party beneficiary: "the test is whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts." *Hawa Abdi Jama v. INS*, 334 F. Supp. 2d 662, 686 (D.N.J. 2004) (citing *Werrmann v. Aratusa, Ltd.*, 630 A.2d 302, 305 (App. Div. 1993) (internal citation and quotations omitted)). An incidental beneficiary, on the other hand, does not have contractual standing. *See id.* (citing *Broadway Maintenance Corp. v. Rutgers, State University*, 447 A.2d 906, 909 (1982)). For this Court, the "judicial task is simply interpretive" and precedent instructs that it "should examine the contractual terms to ascertain the parties' intent and in doing so accord contractual terms 'their plain and ordinary meaning.'" *Degelman v. Lincoln Nat'l Life Ins. Co.*, No. 16-286, 2016 WL 3456920 at *7 (D.N.J. Jun. 21, 2016) (quoting *Seven Caesars, Inc. v. Dooley House*, No. A-4747-12T2, 2014 WL 4450441, at *10 (N.J. Super. Ct. App. Div. Sept. 11, 2014)).

The Court will first determine if the contract expressly includes or excludes any potential third-party beneficiaries. *See Consult Urban Renewal Dev. Corp. v. T.R. Arnold & Assoc., Inc.*, No. 06-1684, 2007 WL 1175742 at *2 (D.N.J. Apr. 19, 2007). Here, the RISC only identifies Plaintiff Jasmine Lewis. (ECF No. 8 at Ex. 1, Ex. A). She is listed as the buyer and signed the contract. (*Id.*). Directly above her signature, the contract explicitly states that "[t]his contract contains the entire agreement between you and us relating to this contract." (*Id.*). Notably, there

10

is no co-buyer or "other owner" listed where the contract gives space for such signatories.[5] (*Id.*). Under "Other Important Agreements" the RISC further states that "[y]ou agree not to . . . sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission." (*Id.* at §2.b). There is no indication from the briefing, or any documentation provided to the Court, that the contract was changed to include Plaintiff Elijah Lewis as a co-buyer or "other owner," or that any rights or obligations of the contract were transferred or assigned to him. The Court finds that the contract's language, coupled with the lack of any other evidence to demonstrate intent in the alternative, is plain enough to demonstrate that there was no intent to include third-party beneficiaries.

Plaintiffs argue that Elijah Lewis has standing because he was an "authorized user" on the account, paid some of the monthly payments, was involved in dealing with Defendant's agents, and was harmed by Defendant's repossession of the vehicle. (ECF No. 13 at 3-4). Being an "authorized user" to enable Elijah Lewis to have access to the vehicle's online portal and his contributions to paying the loan does not itself establish a contractual relationship between Elijah Lewis and Defendant. *See Chee Li v. BMW of N. Am., LLC*, 2017 N.J. Super. Unpub. LEXIS 1477 at *6, 10. The Court notes that, even if Elijah Lewis suffered harm from the repossession, he cannot assert contract claims if he was not a party or an intended third-party beneficiary of the contract. Here, it is clear from the contract's provisions that Defendant did not intend to bind anyone to the contract terms other than Plaintiff Jasmine Lewis. Therefore, the Court must dismiss Elijah Lewis' claims because he does not have contractual privity with Defendant and therefore

---

[5] "[T]he failure to identify a third party by name is not necessarily evidence of exclusion. *See Broadway Maintenance Corp.*, 447 A.2d at 909 ('the real test is whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts; and the fact that such a benefit exists, or that the third party is named, is merely evidence of this intention')." *Consult Urban Renewal Dev. Corp.*, 2007 WL 1175742 at *3.

11

does not have standing in the instant case, pursuant to a breach of contract theory.

### B. THE RISC

Defendant asserts that it was within its contractual right to repossess the vehicle after the alleged breaching event—the impoundment of the vehicle—occurred. (ECF No. 8 at 7). Plaintiff Jasmine Lewis contends that she did not breach the contract because the vehicle payments were up to date. Rather, Plaintiff Jasmine Lewis asserts that Defendant breached the contract when it repossessed the vehicle without providing her the requisite notice. (ECF No. 13 at 3).

To show that a breach of a contract occurred, the movant must allege (1) that there was a valid contract between the parties; (2) the movant fulfilled their own contractual obligations; (3) a breach of that contract occurred; and (4) the movant sustained damages because of the breach. *MZL Capital Holdings, Inc.,* 734 Fed. App'x at 105.

Here, both Parties agree that there was a valid contract between Plaintiff Jasmine Lewis and Defendant. The Parties disagree about who breached the contract and this is a factual dispute that must be sorted out in discovery.

Crucially, although the Court agrees with Defendant that based on the plain language of the contract, the vehicle being impounded may constitute a breach of the agreement, despite payments being current, the Court also finds that RISC also plainly states that the Defendant "will send … a written notice of sale before selling the vehicle." (*Id*. at §3.f). Because Defendant has not addressed this argument or provided any documentation to demonstrate that it complied with this term of the contract, judgment on the pleadings is denied.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings, (ECF No. 8), will be **GRANTED IN PART AND DENIED IN PART**. An order consistent with this Opinion will be entered.

April 30, 2023

*Karen M. Williams*
KAREN M. WILLIAMS, U.S.D.J.